IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. |
| | § | |
| $195,594.10 In U.S. Currency, | § | |
| | § | |
| Respondent *In Rem.* | § | |

COMPLAINT FOR FORFEITURE

The United States of America ("the government") files this complaint *in rem* against the Respondent property, to wit: $195,594.10 in U.S. Currency, and alleges the following in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Title 28, U.S.C. (Supplemental Rules):

I.

This Court has subject matter jurisdiction by virtue of the provisions of 28 U.S.C. §§ l345 and l355(a). The Court has *in rem* jurisdiction of this cause of action based on 28 U.S.C. § 1355(b). Venue is proper under 28 U.S.C. § 1355(b)(1) and 1395(a).

II.

The statutory basis for this suit is 31 U.S.C. § 5317(c)(2). 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. § 983, and Supplemental Rule G are also applicable.

**Complaint for Forfeiture (Zak) - Page 1**

III.

On or about September 28, 2012, the Respondent property was seized in Lubbock, Lubbock County, Texas, by officers of the Internal Revenue Service (IRS), Department of Treasury.  The Respondent property, in the form of a cashier's check, pursuant to federal law and policy, was then deposited into the Department of Treasury's suspense account at the Federal Reserve Bank in New York by the IRS; nevertheless, the *in rem* jurisdiction of this Court is not affected.  *See* 19 U.S.C. § 1605, as incorporated by 18 U.S.C. § 981(d).

IV.

Notice of the proposed non-judicial administrative forfeiture in accordance with 18 U.S.C. § 983(a), and 19 U.S.C. §1607 as incorporated by 18 U.S.C. § 981(d), was sent by the IRS to Leonard S. Zak and published on December 10, 17, and 24, 2012, in the *Ft.Worth Business Press*, a newspaper of general circulation in this District.  Pursuant to 18 U.S.C. § 983(a)(3)(A), this action is required to be brought in the United States District Court because Zak filed a verified claim of ownership to the Respondent property with the IRS on December 19, 2012.  Subsequently, on March 8, 2013, an Agreed Order Extending Time to File Civil Forfeiture Complaint was issued, extending the time for filing a complaint until May 20, 2013.

V.

The name of the persons who reasonably appear to be a potential claimant(s) to the

Respondent property on the facts known to the government at this time are Zak and his wife, Tiffany.  Notice of this action can be sent to them by mail, commercial carrier, or electronic mail (Supplemental Rule G (4)(b)(iii)(E) and (4)(b)(iv)).  The known address for Leonard S. Zak  and Tiffany Zak is 11624 Northview Drive, Aledo, Texas  76008.  Mr. Zak's attorneys are Richard Roper, Thompson & Knight, LLP, 1722 Routh Street, Ste. 1500, Dallas, Texas  75201, and Michael A. Villa, Jr., Meadows, Collier, Reed, Cousins, Crouch & Ungerman, L.L.P., 901 Main Street, Ste. 3700, Dallas, Texas 75202.

VI.

The Respondent property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because the property was involved in a violation of 31 U.S.C.  § 5324(b)(1) and (b)(2), or a conspiracy to commit such violation, or is traceable to such violation or conspiracy, as is more fully set forth in the Verification Affidavit of IRS Special Agent Rachel Cole attached hereto as Exhibit "A."

VII.

THEREFORE, the government requests the following:

1.The District Clerk issue a warrant for the arrest of the Respondent property pursuant to Supplemental Rule G(3)(b)(i);

2.The Respondent property be arrested by the Secretary of Treasury, or his designee, as provided by Supplemental Rule G(3)(c);

3.Publication of notice of this forfeiture action be made by posting notice on

the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a).

4. Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b).

5. All persons having any interest in or right against said Respondent property be advised by said public notice or said direct notice to timely file in this Court a verified claim identifying the interest or right to the Respondent property as required by Supplemental Rule G(5)(a) and 18 U.S.C. §983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. §983(a)(4)(B).  Further any person filing a verified claim of interest or right and/or an answer shall serve a copy of same on Diane M. Kozub, Assistant United States Attorney, Burnett Plaza, Suite 1700, 801 Cherry Street, Unit #4, Fort Worth, Texas 76102-6882.

6. At the conclusion of this proceeding, the Respondent property be condemned by order and judgment of this Court and declared and decreed to be forfeited to the United States of America in accordance with law.

7. All costs and expenses incurred by the United States in obtaining the forfeiture of the Respondent property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity

files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable.

                Respectfully submitted,

                SARAH R. SALDAÑA
                UNITED STATES ATTORNEY


                /s/ Diane M. Kozub
                DIANE M. KOZUB
                Assistant United States Attorney
                Texas State Bar No. 11696100
                Burnett Plaza, Suite 1700
                801 Cherry Street - Unit #4
                Fort Worth, Texas 76102-6882
                Telephone: 817.252.5251
                Facsimile: 817.252.5455